JUNE, 1822.

Nathaniel Powers
v.
Daniel Wright.

---

Garner, Boyles and Baker *against* James and Wm. Simpson.

*June*, 1822.

THE Writ was executed on *Baker* only. The declaration was against all three, charging them as partners on their writing obligatory sealed with their seals. *Garner* and "*Boyles* plead "that they ought not, nor ought either of "them, to be charged with the debt, &c.—because they "say and each of them says said writing is not his deed, "and of this they and each of them put themselves upon "the country." To this was annexed the affidavit of *Garner*, that the facts stated in the plea "as to himself are true; "and as respects *C. Boyles* he believes to be true."

In action vs. three as partners, the joint and several plea of non est factum by two is sufficiently verified by affidavit of one.

On motion of the plaintiff this plea was ordered to be stricken out. *Garner* and *Boyles* offering no other plea, and *Baker* having failed to plead, the Circuit Court rendered judgment against the three defendants for the debt, &c. They sued out a writ of Error to this Court, and assigned as Error the foregoing order, &c. of the Circuit Court.

Judge *Saffold* delivered the opinion of the Court.

By the Statute, no plea of non est factum shall be admitted, but when accompanied with an affidavit of its truth. It is contended that each defendant relying on that plea, must make affidavit of the truth thereof; that the oath of one defendant is not admissible as to the plea of another; that a joint plea, if not good for all, is good for neither, and ought to be stricken out.

By the Act of 1818 (Laws Alaba. 449) when a writ shall be issued against all the partners of any firm, service of the same or any one of them, shall be equivalent to ser-

JUNE, 1822.

Garner, Boyles
and Baker
v.
James and Wm.
Simpson.

vice on all, and the plaintiff may file his declaration and proceed to judgment as if the said Writ had been served on each defendant.

It is to be presumed that the Legislature proceeded on the supposition that each partner was conversant with the transactions of the firm, and competent to make such defence as the merits of any controversy might require. The Writ may be often served on some of the partners here when others of the firm reside in *New-York, New Orleans,* or even in *Europe.* If under such circumstances the resident partner cannot make full and complete defence to all suits so instituted, the consequences might be extremely inconvenient and unjust. In joint actions against joint obligors and promissors, judgment cannot be rendered against any one until he has been served with process, and each would have an opportunity of pleading for himself. The same hardship and injustice would therefore not result, from requiring such a plea to be verified by the oath of each defendant pleading it. The Court is of opinion that the Circuit Court erred in striking out the plea, and that the judgment must be reversed, and the cause remanded.

Judges *Clay* and *Ellis* not sitting.

*Kelly* and *Hutchisson,* for plaintiffs.

*Henderson* and *M⁰ Clury,* for defendants in Error.